Jeff Macy "In Pro Per"
P.O. Box #103
Twin Peaks, CA 92391
Telephone: (909) 744-8480
Email: 1611Bible.us@gmail.com

RELATED DDJ



FILED
CLERK, U.S. DISTRICT COURT
10/03/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

| | |
|---|---|
| JEFF MACY, as an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO TAX COLLECTOR, a public entity.<br><br>   Defendant. | Case No.: TBD 5:24-cv-02136-RGK(BFM)<br><br>COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL FOR:<br>**(1)** Excessive Fees & Fines.<br>**(2)** Religious Discrimination.<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF JEFF MACY, through their undersigned counsel, hereby files this Second Amended Complaint against Defendant San Bernardino Tax Collectors, inclusive (collectively "Defendants"), alleges as follows:

**JURISDICTION & VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343(a)(3-4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983 & 1985, the Fourth & Fourteenth Amendments of the United States Constitution. This court has supplemental jurisdiction over State Law Claims pursuant to 28 USC § 1367 because those claims are so related to Plaintiff's Federal Claims that the claims form part of the same case &/or controversy pursuant to Article III of the United States Constitution.

2. Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) & (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District & Defendants are subject to personal jurisdiction in this district.

PAGE 1

## PARTIES

3. Plaintiff Jeff Macy, is a citizen of the State of California, & at all relevant times herein was a resident in San Bernardino County in the State of California.

4. Defendant San Bernardino Tax Collectors is & at all times relevant a public entity located in the County of San Bernardino & existing under the laws of the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Each & every allegation set forth in each & every averment & allegation of this pleading hereby is incorporated by this reference in each & every averment & allegation of this pleading.

6. I am informed & believe that Defendant San Bernardino Tax Collectors have taken advantage of Plaintiff & family through the unauthorized act of excessive fees & fines. Defendant said wouldn't cash Check #151: $4,586.70 for penalty/interest, but did cash the check without Plaintiff's approval.

7. I am informed & believe that Defendants San Bernardino Tax Collectors never gave Plaintiff a hearing.

8. I am informed & believe that Plaintiff filled out penalty waiver, but Defendant San Bernardino Tax Collectors took money anyways, without explanation.

9. I am informed & believe that Defendants San Bernardino Tax Collectors admitted to improper training. Defendants swore an oath to the Federal Constitution, but denied Plaintiff's claim based on a California code.

10. I am informed & believe that the Defendant San Bernardino Tax Collectors Supervising Officer Specialist Auditor-Controller/Treasurer/Tax Collector

Arturo L., Service Manager Lourdes C., & Supervisor Office Specialist Jessica N. all met together & agreed to cash the check.

11. There's an important legal principle that says "ignorance of the law is no excuse." You can't defend your actions by arguing you didn't know they were illegal, even if you honestly did not realize you were breaking the law.

## FIRST CAUSE OF ACTION
### Excessive Fees & Fines
### (By Plaintiff Against San Bernardino Tax Collectors)

12. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 11, inclusive.

13. Plaintiff filled out penalty waiver, but Defendant San Bernardino Tax Collectors took money anyways, without explanation.

14. Defendants San Bernardino Tax Collectors never gave Plaintiff a hearing.

15. On Monday, July 8, 2024 at 4:21 PM Check #151: $4,586.70 was cashed without Plaintiff's approval for Penalty/Interest.

16. Defendant San Bernardino Tax Collectors Supervising Officer Specialist Auditor-Controller/Treasurer/Tax Collector Arturo L., Service Manager Lourdes C., & Supervisor Office Specialist Jessica N. all met together & agreed to cash the check.

17. Defendants San Bernardino Tax Collectors admitted to improper training. Defendants swore an oath to the Federal Constitution, but denied Plaintiff's claim based on a California code.

18. Evidence of Tax collector waves fees at auction on properties, also form is for waves fees. **Exact copy paste from link body of SB county waiving all**

**fees fines liens interest below:**

https://www.mytaxcollector.com/trtaxsale_tc.aspx

19. E. Conveyance of Title; Limitations Regarding Encumbrances. California Revenue and Taxation Code § 3712 sets forth the scope and extent of title conveyed by the Tax Deed as a result of a tax sale. Please consult an attorney for further information and legal advice concerning any questions you may have regarding legal title to property purchased at a tax sale. "As a courtesy only, the complete text of § 3712 is provided below: § 3712.  Title conveyed; encumbrances; The deed conveys title to the purchaser free of all encumbrances of any kind existing before the sale except:

    (a) Any lien for installments of taxes and special assessments, that installments will become payable upon the secured roll after the time of the sale.

    (b) The lien for taxes or assessments or other rights of any taxing agency that does not consent to the sale under this chapter.

    (c) Liens for special assessments levied upon the property conveyed that were, at the time of the sale under this chapter, not included in the amount necessary to redeem the tax-defaulted property, and, where a taxing agency that collects its own taxes has consented to the sale under this chapter, not included in the amount required to redeem from sale to the taxing agency.

    (d) Easements constituting servitudes upon or burdens to the property; water rights, the record title to which is held separately from the title to the property; and restrictions of record.

    (e) Unaccepted, recorded, irrevocable offers of dedication of the

property to the public or a public entity for a public purpose, and recorded options of any taxing agency to purchase the property or any interest therein for a public purpose.

(f) Unpaid assessments under the Improvement Bond Act of 1915 (Division 10 (commencing with Section 8500) of the Streets and Highways Code) that are not satisfied as a result of the sale proceeds being applied pursuant to Chapter 1.3 (commencing with Section 4671) of Part 8, or that are being collected through a foreclosure action pursuant to Part 14 (commencing with Section 8330) of Division 10 of the Streets and Highways Code. A sale pursuant to this chapter shall not nullify, eliminate, or reduce the amount of a foreclosure judgment pursuant to Part 14 (commencing with Section 8830) of Division 10 of the Streets and Highways Code.

(g) Any federal Internal Revenue Service liens that, pursuant to provisions of federal law are not discharged by the sale, even though the tax collector has provided proper notice to the Internal Revenue Service before that date.

(h) Unpaid special taxes under the Mello-Roos Community Facilities act of 1982 (Chapter 2.5 (commencing with Section 53311) of Part 1 of Division 2 of Title 5 of the Government Code) that are not satisfied as a result of the sale proceeds being applied pursuant to Chapter 1.3 (commencing with Section 4671) of Part 8, or that are being collected through a foreclosure action pursuant to Section 53356.1 of the Government Code. A sale pursuant to this chapter shall not nullify, eliminate, or reduce the amount of a foreclosure judgment pursuant to Section 53356.1 of the Government Code."

## SECOND CAUSE OF ACTION

### Religious Discrimination

### (By Plaintiff Against San Bernardino Tax Collectors)

20. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 19, inclusive.

21. Plaintiff filled out penalty waiver; penalty cancelation form, but Defendant San Bernardino Tax Collectors took money anyways, without explanation because Plaintiff is using APN #: 034303101-0000 for religious purposes.

22. Defendants San Bernardino Tax Collectors never gave Plaintiff a hearing.

23. On Monday, July 8, 2024 at 4:21 PM Check #151: $4,586.70 was cashed without Plaintiff's approval for Penalty/Interest.

24. Defendant San Bernardino Tax Collectors Supervising Officer Specialist Auditor-Controller/Treasurer/Tax Collector Arturo L., Service Manager Lourdes C., & Supervisor Office Specialist Jessica N. all met together & agreed to cash the check.

25. Defendants San Bernardino Tax Collectors admitted to improper training. Defendants swore an oath to the Federal Constitution, but denied Plaintiff's claim based on a California code.

**WHEREFORE,** Plaintiff prays judgment against Defendant as follows:

1. For compensatory damages in an amount of $10,000;
2. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter & make an example of the Defendant;

3. For interest on those claims where it is available under law;

4. For cost of suit; &

5. For such other & further relief as this Court may deem to be just & proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

By Plaintiff: *Jeff Macy*

Jeff Macy

Date: 10/3/24

PAGE 8