**JS6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeff Macy, <br><br> PLAINTIFF(S) <br> v. <br><br> San Bernardino Tax Collector, <br><br> DEFENDANT(S) | **CASE NUMBER** <br><br> 5:24-cv-02136-RGK-BFM <br><br> **ORDER ON REQUEST TO PROCEED** <br> ***IN FORMA PAUPERIS*** <br> **(NON-PRISONER CASE)** [3] |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.     ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:
  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

*[signature: Gary Klausner]*

October 9, 2024

Date                                          United States District Judge

CV-73 (07/22)                ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On October 3, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.) Plaintiff alleges that Defendant, the San Bernardino Tax Collector, improperly cashed Plaintiff's check for $4,586.70, for state property tax, without Plaintiff's approval. (ECF No. 1 at 2.) Plaintiff raises two claims: (1) excessive fines and fees, and (2) religious discrimination. (Id. at 3-6.) He seeks $10,000 in damages. (Id. at 7.)

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam). Plaintiff has not established the jurisdiction of this Court for either claim.

First, the Court lacks jurisdiction to consider the claim of excessive fines and fees. The Tax Injunction Act provides, "The district court shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Moreover, "the principle of comity bars federal courts from granting damages relief" for claims of unlawful state tax assessments. Marvin F. Poer and Co. v. Counties of Alameda, 725 F.2d 1234, 1236 (9th Cir. 1984) (citation omitted). "[S]o long as state remedies are plain, adequate, and complete, taxpayers must seek protection of their federal rights by those state remedies." Id. Here, California law provides a plain, adequate, and complete remedy for refund of state taxes that were erroneously or illegally collected. See Cal. Revenue & Taxation Code § 6901 et seq. Because Plaintiff has an adequate remedy in the state courts for the allegedly improper collection of property tax, the Court is deprived of jurisdiction over his damages claim. See Marvin, 725 F.2d at 1236 (taxpayer has no federal cause of action for damages against county tax collector for allegedly improper property tax).

Second, the Court also lacks jurisdiction to consider the related claim of religious discrimination. The principle of comity, noted above, likewise bars federal courts from granting damages relief for alleged constitutional violations in state tax collections. Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 113-14 (1981) (state taxpayer has no federal cause of action for damages against county tax assessor for violation of constitutional rights under 42 U.S.C. § 1983). Rather, such a claim must be brought in state court. Id. at 116.

Finally, because jurisdiction is lacking, the Court is without authority to grant leave to amend. "Subject matter jurisdiction must exist as of the time the action is commenced." Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir.1988). "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." Orff v. United States, 358 F.3d 1137, 1149 (9th Cir. 2004). Amendment "is not to be used to create jurisdiction retroactively where it did not previously exist." Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (9th Cir. 1986). Thus, the Complaint is dismissed without leave to amend. The dismissal is without prejudice to Plaintiff seeking relief in state court. See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").

*(attach additional pages if necessary)*